UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

Nº 11-CV-0325 (JFB)

———————————

SHEILA DANIELS,

Plaintiff,

VERSUS

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

———————————

**MEMORANDUM AND ORDER**
March 13, 2012

———————————

JOSEPH F. BIANCO, District Judge:

Sheila Daniels (the "plaintiff" or "Daniels") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), that affirmed the Social Security Administration's (the "SSA") determination that plaintiff's amount of monthly Supplemental Security Income ("SSI") benefits must be reduced by the amount of divorced wife's benefits received by plaintiff. The Commissioner has moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff did not file an opposition. The Court finds that the Commissioner's decision was based upon the application of the correct legal standards and is supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

I. BACKGROUND

The facts in the within paragraph are taken from plaintiff's testimony at a hearing before Administrative Law Judge ("ALJ") Brian J. Crowley on November 23, 2009.[1] Plaintiff was born on September 12, 1941. (AR[2] 186.) Plaintiff married George Daniels in 1957, and the couple divorced in 1982. (*Id.* 180, 183.) As of November 2009, George Daniels was alive. (*Id.* 187-88.) Plaintiff applied for SSI benefits in 1998, and in 2002, plaintiff was found eligible to

---

[1] Defendant does not contest these facts in his brief.
[2] "AR" refers to the administrative record filed on appeal.

receive SSI benefits.[3] (*Id.* 127, 190.) Plaintiff turned sixty-two years old in September 2003. Around this time, plaintiff was informed that she was entitled to receive divorced wife's benefits. (*Id.* 176-78.)

On November 3, 2003, plaintiff applied for "Social Security Wife's or Husband's Insurance Benefits." (*Id.* 129.) On November 8, 2003, plaintiff was informed that she was entitled to monthly spouse's benefits beginning October 2003.[4] (*Id.* 118.) The notice informed plaintiff that she would receive payment for November around December 24, 2003, and a check each month after that date around the fourth Wednesday of the month. (*Id.*)

When plaintiff began receiving the divorced spouse's benefits in December 2003, plaintiff's SSI payments were reduced because of income received in the form of Social Security benefits. (*Id.* 24-25, 36-40, 41, 45, 46, 52, 55, 59, 60, 64, 65, 69, 70, 76-77.)

On October 31, 2006, plaintiff filed a request for reconsideration, alleging that she was "made to take early retirement because [she] was receiving disability benefits and now at age 65 [she is] not getting [her] actual benefit entitlement." (*Id.* 137.) On December 7, 2006, plaintiff filed a second request for reconsideration, stating that she was "appealing [the] loss of benefits for Spousal Social Benefits because [she] was made to take early retirement because of disability case." (*Id.* 139.)

On March 16, 2007, the SSA informed plaintiff:

> After a careful review of your case, it is determined that the original decision was correct. Because SSI is a needs-based program, an applicant must file for any other benefits to which he or she is entitled. You were required to apply for Social Security divorced wife's benefits, as you met all qualifications for this benefit. A timely application is required; an applicant must not delay filing for any available benefits. This decision is in accordance with SI 00510.001. The original determination is affirmed.

(*Id.* 141.) On April 22, 2008, plaintiff filed a request for reconsideration. (*Id.* 142.)

Plaintiff filed a Request of Hearing by Administrative Law Judge, dated February 12, 2009. Plaintiff stated that she disagreed with the determination made on her claim because: "(1) [she] was given wrong information regarding [her] social security benefits[;] (2) [she] was made to apply for early retirement when [she] was getting disability, at age 62, [her] disability case was closed and reactivated 14 months later[;] and (3) [she had] been asking for a formal hearing and constantly denied." (*Id.* 80, 149.)

On November 23, 2009, ALJ Crowley held a hearing regarding plaintiff's claims. (*Id.* 170-94.) Plaintiff testified that SSA sent her a letter stating that she needed to apply for retirement benefits on her ex-

---

[3] Plaintiff's SSI benefits were terminated in October 2003, due to a finding of medical improvement. (AR 103.) Plaintiff filed a request for reconsideration regarding this determination on November 17, 2004. (*Id.* 101.) By letter dated December 29, 2004, plaintiff received notice that she would continue to be paid, with retrospective benefits paid from October 2003. (*Id.* 24-40.) The termination and reinstatement of plaintiff's SSI benefits during this time is not the subject of the instant appeal.

[4] The Notice also explained that plaintiff's Social Security benefits would be withheld for October 2003 because plaintiff received SSI for that period. (AR 118.)

husband's account. (*Id.* 176-77.) Plaintiff testified that SSA told her that, because she was "retiring early," she would not receive the full amount that she would get if she was sixty-five. (*Id.* 177.) Plaintiff alleged in her testimony that SSA told her that once she turned sixty-five, she would receive a full retirement benefit. (*Id.* 178.) Plaintiff testified that she later learned that her retirement benefit amount would not increase once she turned sixty-five. (*Id.*) Plaintiff testified that it was her belief that plaintiff was entitled to disability benefits on her ex-husband's record. (*Id.* 178-79.) In a statement that indicated the gravamen of plaintiff's appeal, plaintiff asked the ALJ:

> Then upon going to the law books, I [see] where it was saying that divorced spouses [are] entitled to Social Security benefits and disability benefits on the husband's record, whereas they told me that I wasn't entitled to anything else. That[] the only thing I was entitled to was the Social Security benefits. So I want to know am I entitled to that, was I entitled to that benefit and they falsely [made] me apply for the Social Security when I could have gotten the disability and waited until I was 65 to receive my retirement money, okay, the retirement benefit from my husband's account?

(*Id.*)

On December 15, 2009, ALJ Crowley issued a decision denying plaintiff's request for relief from prior SSA decisions. (*Id.* 22-23.) In the decision, ALJ Crowley found that as a divorced spouse receiving SSI, upon turning sixty-two, plaintiff properly applied for and received retirement benefits on her divorced spouse's earning record, and her SSI benefits were reduced accordingly.[5] (*Id.*) Plaintiff filed an appeal of ALJ Crowley's decision on February 19, 2010, alleging that she had new evidence that she was entitled to disability benefits based on her ex-husband's account when she initially applied for SSI benefits. (*Id.* 12.) ALJ Crowley's decision became the final decision of the Commissioner on December 2, 2010, when the Appeals Council denied plaintiff's request for review. (*Id.* 2-6A.) The Appeals Council stated that it found no reason under its rules to review the ALJ's decision, and noted that plaintiff was not entitled to disability benefits based on the work record of her ex-husband, because she would have only been entitled to disability benefits on his work record if he had died. (*Id.* 2, 4.)

II. PROCEDURAL HISTORY

Plaintiff commenced this action on January 20, 2011, appealing the ALJ's decision that plaintiff was required to apply for retirement benefits at age sixty-two and that those benefits would not increase when plaintiff turned sixty-five. The Court also interprets plaintiff's appeal to challenge the determination by the Appeals Council that plaintiff was not entitled to disability benefits based on her ex-husband's work record. The Commissioner answered on April 21, 2011. On June 16, 2011, the Commissioner requested an extension of time to file a motion for judgment on the pleadings. On June 20, 2011, the Court granted the Commissioner's request and directed the Commissioner to file his motion by July 20, 2011, the plaintiff to respond by August 19, 2011, and the Commissioner to

---

[5] The Court notes that plaintiff still receives SSI benefits. Those SSI benefits, however, are reduced by the amount of Social Security retirement benefits received by plaintiff. (AR 24-25, 36-40, 41, 45, 46, 52, 55, 59, 60, 64, 65, 69, 70, 76-77.)

3

reply by September 2, 2011. On July 20, 2011, the Commissioner filed a cover letter to plaintiff indicating service of the motion for judgment on the pleadings, but the motion was never filed with the Court. By letter dated August 17, 2011, plaintiff requested additional time to file her response to the Commissioner's motion. On November 15, 2011, the Court granted plaintiff's request for an extension and directed plaintiff to file her response by December 2, 2011. Plaintiff failed to submit her opposition by that date. On January 4, 2012, the Court issued an Order directing the Commissioner to file his motion with the Court by January 10, 2012, and in an abundance of caution, gave plaintiff until February 10, 2012 to file any opposition to the defendant's motion. The Commissioner filed his motion on January 10, 2012. Plaintiff has not filed an opposition to defendant's motion. The Court has fully considered the submissions and arguments of the parties.

### III. STANDARD OF REVIEW

A district court may only set aside a determination by an ALJ that is "based upon legal error" or "not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). The Supreme Court has defined "substantial evidence" in Social Security cases as "more than a mere scintilla" and that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotations and citations omitted)). Furthermore, "it is up to the agency, and not th[e] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If the court finds that there is substantial evidence to support the Commissioner's determination, the decision must be upheld, even if there is substantial evidence for the plaintiff's position. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey*, 145 F.3d at 111; *see also Jones*, 949 F.2d at 59 (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

In order to obtain a remand based on additional evidence, a plaintiff must present new evidence that: "(1) is new and not merely cumulative of what is already in the record[;]" (2) is material, in that it is "relevant to the claimant's condition during the time period for which benefits were denied," probative, and presents a reasonable possibility that the additional evidence would have resulted in a different determination by the Commissioner; and (3) was not presented earlier due to good cause. *Lisa v. Sec'y of the Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

### IV. DISCUSSION

Based on plaintiff's arguments during the administrative process, the Court construes plaintiff's appeal to challenge the Commissioner's decision (1) that she was required to file for retirement benefits at age sixty-two in order to continue receiving SSI benefits; (2) that her divorced wife's benefits would not increase when she turned sixty-five; and (3) that she was not entitled

4

to disability benefits on her husband's work record. For the reasons stated *infra*, the Court determines that the Commissioner's decision was supported by substantial evidence in the record and a correct interpretation of the law.

### A. Plaintiff Was Required to File for Divorced Wife's Benefits in Order to Continue Receiving SSI Benefits

Plaintiff argues that she should not have been required to file for divorced wife's benefits upon turning sixty-two years old. The Court finds that the ALJ correctly determined that plaintiff was required to apply for retirement benefits in order to continue receiving SSI benefits.

Pursuant to 42 U.S.C. § 1381, SSI is a national program "to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." The Social Security Act (the "Act") provides:

> No person shall be an eligible individual or eligible spouse for purposes of this subchapter if, after notice to such person by the Commissioner of Social Security that it is likely that such person is eligible for any payments of the type enumerated in section 1382a(a)(2)(B) of this title, such person fails within 30 days to take all appropriate steps to apply for and (if eligible) obtain any such payments.

42 U.S.C. § 1382(e)(2). Payments enumerated in 42 U.S.C. § 1382a(a)(2)(B) include "any payment received as an annuity, pension, retirement, or disability benefit, including . . . old-age . . . benefits . . . " 42 U.S.C. § 1382a(a)(2)(B).

The Social Security Regulations further explain, "You are not eligible for SSI benefits if you do not apply for all other benefits for which you may be eligible." 20 C.F.R. § 416.210(a). "Other benefits" are defined as "any payments for which you can apply that are available to you on an ongoing or one-time basis of a type that includes annuities, pensions, retirement benefits, or disability benefits. For example, 'other benefits' includes veterans' compensation and pensions, workers' compensation payments, Social Security insurance benefits and unemployment insurance benefits." 20 C.F.R. § 416.210(b).

Having carefully reviewed the record, this Court finds that the ALJ applied the correct legal standard, and there is substantial evidence to support the ALJ's determination that the plaintiff was required to file for divorced wife's benefits upon reaching the age of sixty-two in order to continue receiving SSI benefits.[6] Under 42 U.S.C. § 1382(e)(2) and 42 U.S.C. § 1382a(a)(2)(B), plaintiff would have lost her eligibility for SSI benefits if she did not apply for divorced wife's benefits. *See also* 20 C.F.R. § 416.210. The ALJ correctly determined that plaintiff was required to apply for divorced wife's benefits in order to continue receiving SSI benefits.

---

[6] The parameters for divorced wife's benefits are set forth in 42 U.S.C. § 402(b). A divorced wife, as defined in 42 U.S.C. § 416(d), of an individual entitled to old-age or disability insurance benefits is entitled to "a wife's insurance benefit for each month" if she has filed an application for wife's insurance benefits, has attained age 62, is not married, and is not entitled to old-age or disability insurance benefits or is only entitled to old-age or disability insurance benefits based on a primary insurance amount which is less than one-half of the primary insurance amount of such individual. 42 U.S.C. § 402(b)(1)(A)-(D). Plaintiff does not dispute that she met the criteria for a divorced wife insurance benefit.

5

## B. Plaintiff's Divorced Wife's Benefit Did Not Increase Upon Plaintiff Turning Sixty-Five

Plaintiff argues that her divorced wife's benefit should have increased upon turning sixty-five. Plaintiff claimed that an employee of the SSA told her that her divorced wife's benefit would increase when she turned sixty-five. (AR 23.) The Court finds that the ALJ correctly determined that plaintiff's divorced wife's benefits would not increase when she reached age sixty-five.

Plaintiff focuses on sixty-five as the age which she believed her retirement benefits were to increase. The Court assumes that plaintiff is arguing that her benefits should have increased when she reached full retirement age, which she believed was sixty-five. The Court notes that plaintiff's full retirement age is sixty-five years and eight months. *See* 20 C.F.R. § 404.409(a).

Pursuant to 42 U.S.C. § 402(q), old-age, wife's, husband's, widow's, or widower's insurance benefits are reduced if entitlement to the benefits begins prior to full retirement age. 42 U.S.C. § 402(q); *see also* 20 C.F.R. § 404.410 ("Generally your old age, wife's, husband's, widow's, or widower's benefits are reduced if entitlement begins before the month you attain full retirement age (as defined in § 404.409).") Plaintiff has cited no law or regulation that indicates that a divorced wife's insurance benefit increases when the divorced wife turns sixty-five. Under 20 C.F.R. § 404.410, a divorced wife's benefits will not be reduced if the wife has in her care "a child of a worker on whose earnings record [she is] entitled." 20 C.F.R. § 404.410. Plaintiff does not allege that this exception applies. As such, the ALJ's determination that plaintiff's divorced wife's benefits would not increase upon her attainment of age sixty-five was correct.

## C. Plaintiff was Not Entitled to Disability Benefits on Her Ex-Husband's Record

Plaintiff argues that she should have received disability benefits on her ex-husband's account when she applied for SSI benefits, which would have allowed her to defer filing for divorced wife's insurance benefits until she reached age sixty-five. This argument was presented as new evidence on appeal of the ALJ's decision, and the Appeals Council noted in its denial of plaintiff's request for review,

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision. You argued, in part, that the Social Security Administration should have granted you disability on your ex-husband's work record when you applied for supplemental security income benefits in 1998. However, you could only have (potentially) qualified for disability benefits on the work record of your ex-husband if he had died (20 C.F.R. 404.336(c)). Neither you nor any other person can be entitled to Social Security benefits on a worker's record until the worker himself is entitled to benefits.

(AR 4.) The Court finds that the Commissioner correctly determined that plaintiff was required to apply for retirement benefits in order to continue receiving SSI benefits.

Under 42 U.S.C. § 402(e), "widow's insurance benefits" are granted to the surviving divorced wife of an individual who died as a fully insured individual, if the divorced wife is not married, is either sixty years old or over fifty years old and under a disability, and meets other requirements. 42 U.S.C. § 402(e)(1)(A)-(D). As plaintiff's

6

ex-husband remains living, plaintiff cannot qualify for widow's insurance benefits. The Commissioner's decision that plaintiff was not entitled to disability benefits on her husband's account is fully supported by the evidence and the law.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted in its entirety. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 13, 2012
      Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*: Sheila Daniels, 600 Fulton Avenue, Apt. 35E, Hempstead, NY 11550. The attorney for defendant is: Loretta E. Lynch, United States Attorney, by Arthur Swerdloff, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.